## ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act -- | ) ) ) |
| Military Aircraft Parts | ) ASBCA No. 59632 |
| Under Contract No. SPM4A7-10-M-8108 | ) ) ) |

APPEARANCE FOR THE APPELLANT:          Mr. Robert E. Marin
                                                                  President

APPEARANCES FOR THE GOVERNMENT:     Daniel K. Poling, Esq.
                                                                   DLA Chief Trial Attorney
                                                                  Edward R. Murray, Esq.
                                                                  Jason D. Morgan, Esq.
                                                                   Trial Attorneys
                                                                   DLA Aviation
                                                                   Richmond, VA

### OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON APPLICATION UNDER THE EQUAL ACCESS TO JUSTICE ACT

Military Aircraft Parts (MAP) has filed an application for expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504(a), related to the subject appeal. The government has filed in opposition to any award, contending that MAP is not a "prevailing party" under the Act and that the claimed expenses are not reasonable.

### FINDINGS OF FACT

MAP filed its notice of appeal and complaint on 15 October 2014 and elected to proceed under Rule 12.2,[1] the Board's expedited procedure for small claims. The appeal was taken from the contracting officer's deemed denial of MAP's 20 May 2014 claim for $76,150 arising from the parties' dispute over whether MAP had submitted a conforming first article under Contract No. SPM4A7-10-M-8108 (the contract) with the Defense Supply Center, Richmond, for manufacture and delivery of Fuel Data Manifold Links for the F-4 aircraft.

---

[1] The Contract Disputes Act, implemented by Board Rule 12.2, provides that this decision shall have no value as precedent, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside.

The amount requested in MAP's claim consisted of $75,000, the contractually specified price for first article testing, and $1,150 in independent laboratory retesting costs. MAP alleged that the government made two errors in rejecting MAP's first article. The first alleged error had to do with whether the test sample met a dimensional requirement, and the second had to do with a requirement for electrical contacts which MAP stated was vague but easily clarified and fixable. According to MAP, the test sample was subsequently returned to MAP, retested by Dayton T. Brown, Inc., an independent engineering and testing laboratory, and found to meet the dimensional requirement.

By notice dated 21 November 2014, MAP moved to dismiss its appeal with prejudice "because the dispute will be settled by the attached agreement." Attached to MAP's motion was a draft modification to the contract increasing the amount by $76,150 in complete settlement of MAP's claims under the contract. On 25 November 2014, the Board dismissed MAP's appeal with prejudice based on the parties' settlement.

On 25 December 2014, MAP transmitted to the Board an application for an EAJA award in the amount of $267.41. MAP asserted that it was a prevailing party since in both its claim and its complaint, it requested the sum of $76,150, and the government agreed to payment in full of this amount. MAP attached receipts for its purchase of two legal reference books, *Formation of Government Contracts*, Fourth Edition, and *Administration of Government Contracts*, Fourth Edition. MAP stated that the books were necessary "to study and logically prepare [MAP's] complaint."

In its opposition, the government asserts that MAP does not qualify as a prevailing party under EAJA, MAP expressly waived and released any right to an EAJA award under the parties' settlement agreement, and the cost of buying two books that can be used for many purposes other than the instant appeal is not a reasonable expense of litigating this appeal.

## DECISION

We have held that in order to qualify as a "prevailing party" under the EAJA, it is not enough that a party has achieved its desired result. Rather, MAP must show that there was a Board decision sustaining the appeal, or a Board decision in the nature of a consent judgment, effecting a material alteration in the legal relationship of the parties. *Lasmer Industries, Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491 at 170,123 (citing *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1380 (Fed. Cir. 2002)).

In *Brickwood*, the Federal Circuit applied the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598 (2001), to reverse a Court of Federal Claims decision

allowing the recovery of attorneys' fees under EAJA. The court stated that the *Buckhannon* decision rejected the "catalyst theory," granting prevailing party status to a plaintiff if it achieves the desired result because its lawsuit brought about a voluntary change on the part of the defendant, because it lacks the "necessary judicial imprimatur" on the change in the parties' legal relationship to establish "prevailing party" status. *Brickwood*, 288 F.3d at 1376.

In this appeal, we neither issued a decision sustaining the appeal nor in any other way acted so as to effect a material alteration in the parties' legal relationship. Accordingly, MAP has not shown that it was a prevailing party for purposes of its application. We thus find it unnecessary to reach the government's additional arguments.

## CONCLUSION

For the reasons stated, MAP's application for an EAJA award is denied.

Dated: 25 February 2015

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 59632, Appeal of Military Aircraft Parts, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3